IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-30075-SMY |
| | ) |
| TERRELL MCGEE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Terrell McGee was sentenced on August 17, 2017, to 300 months imprisonment for conspiracy to interfere with commerce by robbery (two counts), interference with commerce by robbery (two counts), and carry and use of a firearm during a crime of violence (two counts) pursuant to a written plea agreement (Doc. 175). McGee is currently housed at FMC-Devens and his projected release date is January 6, 2039.

Now pending before the Court is McGee's Motion for Compassionate Release pursuant to the First Step Act of 2018 in which he seeks release due to the COVID-19 global pandemic (Doc. 298). The Government has responded in opposition (Doc. 304). For the following reasons, the motion is **DENIED.**

## Background

COVID-19 is a contagious virus spreading across the United States and the world. Individuals with serious underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of illness from the virus. People Who Are at Higher Risk for Severe Illness, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-at-higher-risk.html (last visited June 21, 2022). As of June 28, 2022, there was one positive COVID-19 case among inmates and no positive staff members at FMC-Devens. Unfortunately, 13 inmates have died at FMC-Devens since the pandemic began. *See* https://www.bop.gov/coronavirus/ (last visited June 28, 2022). FMC-Devens has a current inmate population of 957. *See* https://www.bop.gov/locations/institutions/mcr/ (last visited June 28, 2022).

McGee is 31 years old and has suffered a pulmonary embolism (Doc. 298). He states that he is at risk for severe illness due to his condition and the continued presence of COVID-19 at the facility. He also asserts that the stacking of his 924(c) convictions should be considered under the First Step Act for compassionate release and that his mother requires assistance in caring for his son while he is serving his term of imprisonment. *Id*.

## Discussion

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and continues to present a serious issue for prisons, despite the safety protocols and policies that have been implemented. Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

McGee alleges that his diagnosis of a pulmonary embolism puts him at a heightened risk

for COVID-19 infection. According to the CDC, individuals diagnosed with a pulmonary embolism may be at an increased risk of severe illness if they contract COVID-19. (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). Significantly, however, McGee has refused to take the vaccine and has failed to demonstrate that he is unable to medically benefit from the vaccine

Exposure to COVID-19 is the same whether a person is confined or in the free world. Thus, an inmate refusing the vaccination may not benefit from compassionate release without presenting evidence that demonstrates he or she is unable to benefit from the vaccine. *See United States v. Barbee*, 25 F.4th 531 (7th Cir. 2022); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [the compassionate release] statute."). McGee has presented no such evidence.

McGee also contends that the First Step Act's changes to the 924(c) penalty structure presents extraordinary and compelling reasons for compassionate release because his sentence would be substantially less if the First Step Act was in effect at the time of his conviction. But the Seventh Circuit has held that non-retroactive changes in sentencing law do not constitute extraordinary and compelling reasons for compassionate release; new sentencing laws cannot alter a person's pre-existing sentence unless the law was enacted to do so *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021). As the Court explained, Congress intended the anti-stacking amendment to be applied prospectively only – to sentences imposed *after* ratification of the First Step Act. *Id* at 574. As such, McGee is unable to benefit from the First Step Act's changes to the 924(c) penalty structure.

Lastly, McGee asserts that he is the primary caretaker for his minor son and his mother is "struggling to [omit] take care of him on her own." (Doc. 298, at p. 1). While the Court

understands McGee's concerns in this regard, they are not extraordinary and compelling reasons for release under the First Step Act of 2018.[1]

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) as amended by the First Step Act of 2018 (Doc. 298) is **DENIED**.

**IT IS SO ORDERED.**

DATED: **June 28, 2022**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Given the absence of extraordinary and compelling reasons to support McGee's request for release, the Court need not consider the 3553(a) factors.  That said, the Court believes that nature of and facts and circumstances surrounding the crimes he committed and his conduct while incarcerated weigh heavily against his release.  McGee was convicted for his participation in two violent robberies in which the individuals were shot and seriously wounded during both.  Since his incarceration, he has acquired 14 violations (Doc. 304, at p. 16; 304-3).  Thus, he continues to pose a significant danger to the public.