IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-30075-SMY |
| | ) |
| TERRELL MCGEE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

     Defendant Terrell McGee was sentenced on August 17, 2017, to 300 months imprisonment for conspiracy to interfere with commerce by robbery (two counts), interference with commerce by robbery (two counts), and carry and use of a firearm during a crime of violence (two counts) pursuant to a written plea agreement (Doc. 175). He is currently housed at Devens FMC and his projected release date is January 6, 2039. Now pending before the Court is McGee's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 329).

     Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, McGee argues that he was 19-years old when he committed his crimes, and his sentence was inequitable given that he was a first-time offender. He further contends that First Step Act's changes to the 924(c)-penalty structure presents extraordinary and compelling reasons for compassionate release because his sentence would be substantially less if the First Step Act was in effect at the time of his conviction. He asserts that he is sorry for his crimes and has learned from his mistakes.

McGee has not presented extraordinary and compelling reasons justifying his early release. First, non-retroactive changes in sentencing law do not constitute extraordinary and compelling reasons for compassionate release; new sentencing laws cannot alter a person's pre-existing sentence unless the law was enacted to do so. *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021). And although McGee may be sorry about his crimes, his expressed remorse is insufficient to justify early release.[1]

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) as amended by the First Step Act of 2018 (Doc. 329) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 14, 2023

**STACI M. YANDLE**
**United States District Judge**

---

[1] Given the absence of extraordinary and compelling reasons to support McGee's request for release, the Court need not consider the § 3553(a) factors.