IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cr-30075-SMY |
| | ) |
| TERRELL MCGEE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Terrell McGee was charged with two counts of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) and discharging a firearm during a crime of violence, in violation of § 924(c)(1)(A)(iii), (C)(i). He pleaded guilty under the terms of a plea agreement and was sentenced to 300 months imprisonment on August 17, 2017 (*see* Doc. 175). Since beginning his prison term, McGee has filed numerous frivolous motions seeking to challenge the validity of or vacate his sentence. In his latest filings, McGee moves to void judgment (Doc. 322), moves for "second look sentencing" (Doc. 325), and moves for "Holloway Relief" (Doc. 333).

Once a district court enters final judgment, it lacks jurisdiction to hear related issues except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). To the extent that McGee seeks relief from his sentence by challenging its validity, that is an issue reserved for collateral attack under 28 U.S.C. § 2255. A petition under 28 U.S.C. § 2255 is "the exclusive remedy" for a federal prisoner raising a direct challenge to the validity of his sentence. *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir.2007). The Seventh Circuit has repeatedly held that a post-conviction motion that is

functionally a § 2255 motion should be treated as such, regardless of how it is labeled. *See, e.g., Carter v. United States,* 312 F.3d 832, 833 (7th Cir. 2002).

Even if this Court were to construe his motions as ones brought under § 2255, the motions would be denied as an unauthorized successive petition. *See United States v. Suggs,* 705 F.3d 279, 282 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal…. If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to … authorize the district court to hear it."). McGee previously filed a petition under § 2255 which received full rounds of collateral review (*see McGee v. United States*, Case No. 17-cv-965-SMY). Accordingly, McGee's motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 28, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**